[Cite as *Nationwide Ins. Co. v. Knott*, 2012-Ohio-1351.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| CHARLES C. KNOTT, et al. | |
| Defs.-3rd Party Plaintiffs-Appellants | Case No. 11 AP 0004 |
| -vs- | |
| MARVIN KONKLE, et al. | O P I N I O N |
| Third Party Defendants-Appellees | |

CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common
                                Pleas, Case No.  10 CV 0080

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         March 29, 2012

APPEARANCES:

For Plaintiff-Appellee                    For 3rd Party Plaintiffs-Appellants

JASON C. HUNTER                           STEVEN T. SLOAN
280 North High Street, Suite 810          MOLLICA, GALL, SLOAN,
Columbus, Ohio  43215                     SILLERY & MCCARTHY CO. LPA
                                          35 North College Street
For 3rd Party Defendants-Appellees        Post Office Drawer 958
                                          Athens, Ohio  45701
RICHARD M. LEWIS
CHRISTEN N. FINLEY
JENNIFER L. ROUTTE
RICHARD M.LEWIS, LLC
295 Pearl Street, P. O. Box 664
Jackson, Ohio  45640

*Wise, J.*

{¶1} Defendants-Third Party Plaintiffs/Appellants Charles C. Knott, et al. appeal the August 17, 2011, decision of the Morgan County Court of Common Pleas granting summary judgment in favor of Appellees Marvin and Jean Konkle.

### STATEMENT OF THE CASE AND FACTS

{¶2} On or about November 27, 2006, Charles and Leslie Knott entered into an agreement for the purchase of a farm and residence on Williams Bridge Road owned by Marvin and Jean Konkle. Marvin Konkle, a former realtor, initially prepared a contract which was followed by a Memorandum of Understanding.

{¶3} Prior to completion of the sale agreement, the Konkles moved out of the house and the Knotts moved in.

{¶4} On November 24, 2008, the Konkles filed a Complaint seeking to enjoin the Knotts from using a wood burning stove, which the Konkles alleged would create an unreasonable hazard if connected to the chimney in the house. (Case No. 08 CV 0187).

{¶5} A fire occurred on February 19, 2009, that damaged the house which was the subject of the agreement for sale. The fire resulted from use of the wood-burning stove, which the Knotts had re-connected and used.

{¶6} The house burned while it was in the possession of the Knotts. Legal title, however, was still in the name of the Konkles, who had continued to maintain an insurance policy through Nationwide Insurance Company on the property. Nationwide Insurance Company paid $139,321.84 to the Konkles on their insurance claim for damages resulting from the fire.

{¶7} On April 28, 2009, because the fire that destroyed the house rendered the Konkles' concerns that gave rise to their request for injunctive relief moot, the Konkles filed an Amended Complaint in Case No. 08 CV 0187.

{¶8} In their Amended Complaint, the Konkles asserted claims for the loss of the house due to the fire. The Konkles also requested declaratory relief from the court declaring the rights of the parties to the insurance proceeds payable by Nationwide under the policy issued to the Konkles insuring the house at 80 Williams Bridge Rd., Chesterhill, Ohio.

{¶9} The Konkles and the Knotts settled their claims relating to acquisition of title to the real estate and title was conveyed from the Konkles to the Knotts. Under the terms of the settlement, the Knotts received a credit against the purchase price they were to have paid the Konkles for the property in the amount paid by Nationwide for damage to the house.

{¶10} Nationwide Insurance Company subsequently filed a subrogation Complaint which alleged that Appellants, Charles and Lesley Knott, negligently caused the fire at 80 Williams Bridge Road and that as a result, they should have to pay back the $139,321.84 which Nationwide paid to the Konkles. (Case No. 10CV0080)

{¶11} The Knotts, in turn, filed a third Party Complaint against Appellees Marvin and Jean Konkle alleging, among other things, that the Konkles negligently misrepresented the condition of the real property at issue and that the Konkles' misrepresentation caused or contributed to the fire at 80 Williams Bridge Road.

{¶12} On or about May 23, 2011, the Konkles moved for summary judgment on the Knotts' Third-Party Complaint. Attached to the Konkles' Motion for Summary

Judgment/Motion to Dismiss was a copy of a 2008 Civil Complaint filed by the Konkles against the Knotts, which involved claims arising from the sale of the real estate from the Konkles to the Knotts along with a request for injunctive relief to prevent the Knotts from using the wood-burning stove with the chimney in the house. Also attached was an Affidavit executed by Jean Konkle concerning the settlement of the claims relating to title to the real estate and disposition of the insurance proceeds from Nationwide Insurance Company.

{¶13} On June 14, 2011, the Knotts filed a Memorandum Contra the Konkles' Motion for Summary Judgment/Motion to Dismiss. The Knotts' Memorandum Contra was supported by Affidavits of Charles Knott and Lesley Knott regarding what they had been told by Mrs. Konkle concerning a suspected problem with the chimney, their experience with wood-burning stoves, the steps they took to have the chimney inspected, and the conclusions of the State Fire Marshall and an investigator hired by Appellee, Nationwide Insurance Company, that the fire which occurred on the real property at issue had originated not in the chimney but in a cleanout located in the basement.

{¶14} On August 17, 2011, the trial court issued a Journal Entry finding there existed no genuine issue of material fact and granted summary judgment in favor of the Konkles on the Knotts' Third Party Complaint.

{¶15} Appellants now appeal, assigning the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶16} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHICH INCLUDED BUT WAS NOT

LIMITED TO THE FACT THAT THE TRIAL COURT WAS PRESENTED WITH AFFIDAVITS SETTING FORTH OPPOSING FACTS MATERIAL TO THE CASE.

{¶17} "II. THE TRIAL COURT ERRED BY FAILING TO APPLY AND/OR PROPERLY CONSTRUE OHIO REVISED CODE §5302.30 AND RELATED PROVISIONS REGARDING RESIDENTIAL REAL ESTATE TRANSACTIONS."

I.

{¶18} In their first Assignment of Error, Appellants maintain the trial court erred in granting Appellees' motion for summary judgment. We disagree.

"Summary Judgment Standard"

{¶19} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

{¶20} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶21} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶22} It is based upon this standard that we review Appellant's Assignments of Error.

{¶23} In their third party complaint, Appellants set forth a claim of negligence against Appellees, claiming that the Konkles breached a duty to the Knotts by failing to disclose defects in the home which caused or contributed to the fire. Appellants also argued that the Konkles prevented them from obtaining insurance on the property by failing to provide them with a deed and mortgage or a land contract as evidence of their insurable interest in the property.

{¶24} Appellees, in support of their motion for summary judgment, argued that they warned Appellants of the dangers of using the wood burning stove and went so far as seeking an injunction to prevent Appellants from re-connecting the stove to the chimney, but that Appellants used the stove anyway. Appellees further argued that

Appellants received the full benefit of the insurance proceeds paid by Nationwide for the fire damage, when Appellees gave them a credit for said amount against the purchase price of the house.

**{¶25}** Upon review, we find that the trial court did not err in finding that no genuine issue of material fact exists in this matter.

**{¶26}** We find that the record supports that Appellees in this matter did not negligently fail to disclose the condition of the wood burning stove, instead giving Appellants specific notice that use of the stove would create a dangerous condition and going so far as to seek an injunction to prevent Appellants from using such stove.

**{¶27}** Additionally, we further find that Appellants received the benefit of Appellees' insurance coverage and received a credit toward the purchase price in the amount of the insurance proceeds Appellees received from Nationwide. Appellees were therefore not damaged by their failure to secure their own insurance on the property.

**{¶28}** Appellant's first Assignment of Error is overruled.

II.

**{¶29}** In their second Assignment of Error, Appellants allege that the trial court failed to properly apply R.C. §5302.30. We disagree.

**{¶30}** Appellants herein argue, and Appellees do not dispute, that Appellees were required to provide them with a residential disclosure form as prescribed in R.C. 5302.30, which provides in relevant part:

**{¶31}** Revised Code §5302.30, Property disclosure form for transfer of residential real property, provides:

{¶32} "(C) Except as provided in division (B)(2) of this section and subject to divisions (E) and (F) of this section, every person who intends to transfer any residential real property on or after July 1, 1993, by sale, land installment contract, lease with option to purchase, exchange, or lease for a term of ninety-nine years and renewable forever shall complete all applicable items in a property disclosure form prescribed under division (D) of this section and shall deliver in accordance with division (I) of this section a signed and dated copy of the completed form to each prospective transferee or prospective transferee's agent as soon as is practicable."

{¶33} A further reading of R.C. §5302.30, reveals that a remedy is provided for failure to comply with such statute:

{¶34} "(K)(1) Except as provided in division (K)(2) of this section, but subject to divisions (J) and (L) of this section, a transfer of residential real property that is subject to this section shall not be invalidated because of the failure of the transferor to provide to the transferee in accordance with division (C) of this section a completed property disclosure form as prescribed under division (D) of this section.

{¶35} "(2) Subject to division (K)(3)(c) of this section, if a transferee of residential real property that is subject to this section receives a property disclosure form or an amendment of that form as described in division (G) of this section after the transferee has entered into a transfer agreement with respect to the property, the transferee, after receipt of the form or amendment, may rescind the transfer agreement in a written, signed, and dated document that is delivered to the transferor or the transferor's agent or subagent in accordance with divisions (K)(3)(a) and (b) of this section, without incurring any legal liability to the transferor because of the rescission, including, but not

limited to, a civil action for specific performance of the transfer agreement. Upon the rescission of the transfer agreement, the transferee is entitled to the return of, and the transferor shall return, any deposits made by the transferee in connection with the proposed transfer of the residential real property.

{¶36} "(3)(a) Subject to division (K)(3)(b) of this section, a rescission of a transfer agreement under division (K)(2) of this section only may occur if the transferee's written, signed, and dated document of rescission is delivered to the transferor or the transferor's agent or subagent within three business days following the date on which the transferee or the transferee's agent receives the property disclosure form prescribed under division (D) of this section or the amendment of that form as described in division (G) of this section.

{¶37} "(b) A transferee may not rescind a transfer agreement under division (K)(2) of this section unless the transferee rescinds the transfer agreement by the earlier of the date that is thirty days after the date upon which the transferor accepted the transferee's transfer offer or the date of the closing of the transfer of the residential real property.

{¶38} "(c) A transferee of residential real property may waive the right of rescission of a transfer agreement described in division (K)(2) of this section.

{¶39} "(d) A rescission of a transfer agreement is not permissible under division (K)(2) of this section if a transferee of residential real property that is subject to this section receives a property disclosure form as prescribed under division (D) of this section or an amendment of that form as described in division (G) of this section prior to the transferee's submission to the transferor or the transferor's agent or subagent of a

transfer offer and the transferee's entry into a transfer agreement with respect to the property.

{¶40} "(4) If a transferee of residential real property subject to this section does not receive a property disclosure form from the transferor after the transferee has submitted to the transferor or the transferor's agent or subagent a transfer offer and has entered into a transfer agreement with respect to the property, the transferee may rescind the transfer agreement in a written, signed, and dated document that is delivered to the transferor or the transferor's agent or subagent in accordance with division (K)(4) of this section without incurring any legal liability to the transferor because of the rescission, including, but not limited to, a civil action for specific performance of the transfer agreement. Upon the rescission of the transfer agreement, the transferee is entitled to the return of, and the transferor shall return, any deposits made by the transferee in connection with the proposed transfer of the residential real property. A transferee may not rescind a transfer agreement under division (K)(4) of this section unless the transferee rescinds the transfer agreement by the earlier of the date that is thirty days after the date upon which the transferor accepted the transferee's transfer offer or the date of the closing of the transfer of the residential real property."

{¶41} In the instant case, there is no evidence in the record that Appellants made any attempt to rescind the offer to purchase within 30 days of signing, instead choosing to go forward with the purchase of the property even after the fire occurred.

{¶42} Further, while Appellees did fail to provide Appellees with a property disclosure form, they did give Appellants specific notice of a problem with the wood burning stove. There is no evidence that Appellees knew of or attempted to conceal the

existence of or a problem with the cleanout.  Although it would seem that if Appellees did know of a problem with such cleanout, there would have been no reason to not include such knowledge in their notice and motion for injunction regarding the wood burning stove.

{¶43} Based on the foregoing, we find Appellants' second assignment of error not well-taken and overrule same.

{¶44} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0306

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


NATIONWIDE INSURANCE COMPANY   :

                            :

Plaintiff-Appellee                   :

                            :

-vs-                         :          JUDGMENT ENTRY

                            :

CHARLES C. KNOTT, et al.       :

                            :

Defendants-3rd Party Plaintiffs-Appellants  :          Case No. 11 AP 0004

                            :

-vs-                         :

                            :

MARVIN KONKLE, et al.         :

                            :

Third Party Defendants-Appellees    :


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.

Costs assessed to Appellant.


                                   _____

                                   _____

                                   _____

                                          JUDGES